IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-04-CR-059-D |
| EDWIN T. McBIRNEY III | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

The government has filed a motion for reconsideration of the February 25, 2004 order releasing defendant on conditions. As grounds for its motion, the government alleges that defendant, who has been convicted on multiple counts of mail fraud, making false statements, concealing assets, and money laundering, is now a flight risk and should be detained pending sentencing.[1] Defendant has filed a written response to the motion and both sides presented oral argument at a hearing held on September 8, 2006.

The court notes that this is the second time since defendant's conviction that the government has sought reconsideration of the pretrial release order. At a hearing held on January 31, 2006, the district judge denied a similar motion for two reasons:

> First, as to some of the counts, the court has indicated a willingness and an inclination to consider the defendant's postverdict motion and wishes to address the merits of those motions. And although that at this point [sic] does not rise to a level of a substantial issue, which would be required at a later point for him to remain free, such as to remain free while on appeal, an issue the court does not now address, at least in--in analogous context the court takes that into account.
>
> Additionally, *based upon the defendant's conduct stemming from his first conviction through his conduct in this case, where he's been on*

---

[1] A sentencing hearing is scheduled for October 20, 2006 before Judge Sidney A. Fitzwater.

> *bond for a period of almost two years, I do find at this point by clear and convincing evidence that he's not a flight risk.*

(Hrg. Tr., 1/31/06 at 64-65) (emphasis added). Although the government acknowledges this prior ruling, it argues that "circumstances have changed since the Court denied said oral motion, which circumstances support the government's contention that [defendant] is a flight risk." (Gov't Mot. at 1). The only circumstance that has changed since the district judge allowed the defendant to remain free on bond is the August 21, 2006 ruling denying defendant's post-verdict motions.[2] That fact, standing alone, does not make defendant a flight risk. This is particularly true where, as here, defendant has complied with all conditions of his pretrial release and pretrial services does not believe defendant will flee.

For these reasons, the government's motion for reconsideration [Doc. #127] is denied.

SO ORDERED.

DATED: September 8, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court denied all post-verdict motions, except defendant's motion and supplemental motion for judgment of acquittal notwithstanding the verdict as to counts 13 and 22 of the superseding indictment. The government concedes that acquittal on those counts has no effect on the sentencing guideline range. (*See* Gov't Mot. at 4 n.2).